UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN M. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:14-1048 |
| ) | Judge Trauger |
| NASHVILLE GENERAL HOSPITAL ) | Magistrate Judge Brown |
| AT MEHARRY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**To: The Honorable Aleta A. Trauger, United States District Judge.**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Plaintiff's HIPAA claims be **DISMISSED** with prejudice, that Plaintiff's claims of medical malpractice and negligence be **DISMISSED** without prejudice, that any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and that acceptance and adoption of this Report and Recommendation ("R&R") constitute the **FINAL JUDGMENT** in this action.

### I. INTRODUCTION AND BACKGROUND

On April 24, 2014, Plaintiff filed a *pro se* complaint against Nashville General Hospital at Meharry, Vanderbilt Comprehensive Care Clinic, Dr. Daniel Johnson, Dr. Stephen Raffanti, Dr. Craig Trunvoits, R.A. Rushonda Johnson, R.A. Jason,[1] and R.A. Valerie.[2] (DE 1).[3] In

---

[1] Last name unknown.

[2] Last name unknown.

[3] "DE" refers to Docket Entry.

1

addition to alleging violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Plaintiff also submitted claims of medical malpractice and negligence. (DE 1).

The District Judge granted Plaintiff's application to proceed *in forma pauperis* on April 30, 2014, and referred the case to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B). (DE 3). The matter is now properly before the Court.

## II. ANALYSIS

### A. HIPAA Violations

#### 1. No Private Right of Action Under HIPAA

While the Sixth Circuit has not yet addressed whether HIPAA creates a private right of action, several circuits have held that HIPAA does not afford individuals a private right of action. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009); *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006).

Strict construction of the statute's text supports this conclusion. *See* 42 U.S.C. § 1320d-5(d). Congress must create private rights of action to enforce federal law, but may do so explicitly or implicitly. *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001); *Acara*, 470 F.3d at 571. HIPAA only expressly authorizes the *state attorney general*, as parens patriae,[4] to bring HIPAA actions on behalf of State residents. 42 U.S.C. § 1320d-5(d). Furthermore, penalties for HIPAA violations are imposed by the Secretary of Health and Human Services ("Secretary"). 42 U.S.C. § 1320d-5(a)(1). "Because HIPAA specifically delegates enforcement, there is a strong indication that Congress intended to preclude private enforcement." *Acara*, 470 F.3d at 571

---

[4] Parent of the nation.

2

(quoting *Alexander*, 532 U.S. at 286–87 ("The express provision of one method of enforcing [a statute] suggests Congress intended to preclude others.")).

As Plaintiff has no private right of action to pursue HIPAA violations, he fails to state a claim upon which relief can be granted, and his HIPAA claims should therefore be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. **Conclusory Allegations**

In the alternative, Plaintiff's HIPAA claims should be dismissed as conclusory allegations, devoid of supportive factual assertions. Dismissal for failure to state a claim is proper where the plaintiff only provided legal conclusions which are unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Even though courts must liberally construe *pro se* plaintiffs' pleadings and hold them to less stringent standards than those of an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs "are not automatically entitled to take every case to trial." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citation omitted). The *pro se* plaintiff must still meet the basic pleading standards, and "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin*, 391 F.3d at 714 (citation omitted).

Here, Plaintiff has not provided a factual basis which could plausibly suggest an entitlement to relief under HIPAA. The statute does not afford individuals a private right of action. Furthermore, Plaintiff failed to allege sufficient facts to support this claim. Plaintiff therefore fails to state a claim on which relief may be granted, and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is appropriate.

## B. Medical Malpractice and Negligence

Even if 28 U.S.C. 1367(a) grants courts the authority to exercise supplemental jurisdiction over state law claims, that "does not mean that jurisdiction *must* be exercised in all cases. . . . [P]endent jurisdiction 'is a doctrine of discretion, not of plaintiff's right.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Courts consider the "values of judicial economy, convenience, fairness, and comity" when deciding whether to retain jurisdiction over a plaintiff's state law claims. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Generally, courts in this Circuit dismiss state law claims once the underlying federal claims have been dismissed. *Id.* at 952; *see also* 28 U.S.C. § 1367(c)(3) ("(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."). In relatively few instances, courts in this Circuit retain supplemental jurisdiction over these pendent claims, such as when:

> (1) the plaintiff had engaged in forum manipulation by deciding to dismiss his federal-law claims only after the case had been on the district court's docket for 11 months, (2) the parties had completed discovery, . . . (3) the defendants' summary-judgment motions were ripe for decision [, and (4)] the district court "was familiar with the facts of the case and already had invested significant time in the litigation."

*Gamel*, 625 F.3d at 952 (quoting *Harper v. AutoAlliance Intern., Inc.,* 392 F.3d 195 (6th Cir. 2004)).

This Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims of medical malpractice and negligence if Plaintiff's HIPAA claims, the basis of original jurisdiction, are dismissed. *See* 28 U.S.C. § 1367(c)(3). The case is still in its early stages. Furthermore, Plaintiff's malpractice and negligence claims are by their very nature matters of state law, and state courts likely have stronger interests in the enforcement and proper application of these laws. Therefore, Plaintiff's claims of medical malpractice and negligence should be dismissed without prejudice.[5]

### III. RECOMMENDATIONS

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Plaintiff's HIPAA claims be **DISMISSED** with prejudice, that Plaintiff's claims of medical malpractice and negligence be **DISMISSED** without prejudice, that any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and that acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action.

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court written objections to the proposed findings and recommendations made herein. Any party opposing the objections shall have fourteen (14) days from receipt of the objections within which to file a response. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal.

---

[5] The complaint does not allege diversity of citizenship under 28 U.S.C. § 1332, and it appears the parties are not diverse. Should Plaintiff refile his case in State Court, he should consider the requirements of the Tennessee Medical Malpractice Act. T.C.A. § 29-26-115 *et seq.*; *see Miller v. Monroe County*, No. 3:09-CV-85, 2010 U.S. Dist. LEXIS 34496 (E.D. Tenn. Apr. 7, 2010). A copy is attached to this R&R.

*Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111(1986).

**ENTERED** this the 6th day of June, 2014,

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge